UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEXTRAQ, LLC, a Delaware Limited Liability Company, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br> v.<br><br>OMNITRACS, LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No. |

## NOTICE OF REMOVAL

Defendant Omnitracs, LLC ("Omnitracs") hereby removes this putative class action from the Circuit Court of DuPage County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. Plaintiff NexTraq, LLC brings claims on behalf of itself and a putative class. Plaintiff alleges that Omnitracs is in breach of a contract to provide services under Illinois law and seeks both injunctive relief and monetary damages. (Ex. A-1, Compl., ¶¶ 19; 46-48; 54). This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists, the proposed class consists of over 100 members, and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2); 1332(d)(5)(B); 1441; 1446; and 1453(b).

**Nature of Plaintiff's Complaint**

1. Plaintiff alleges that on April 8, 2019, Omnitracs' predecessor in interest, VisTracks, Inc., entered into an agreement to provide Electronic Logging Device ("ELD") services to Plaintiff (the "Agreement"). (Ex. A-1, Compl., ¶¶ 4, 28).

2. Plaintiff alleges that in May of 2020, VisTracks, Inc. was acquired by Omnitracs,

1

and Omnitracs assumed and performed the Agreement with Plaintiff. (*Id.* ¶ 4).

3. Plaintiff alleges that the Agreement renewed every year unless one of the parties provided notice of non-renewal at least 90 days prior to the renewal date. (*Id.* ¶ 5).

4. Plaintiff alleges that no party provided notice prior to the renewal date of April 8, 2022, meaning that the Agreement renewed for another year ending on April 7, 2023. (*Id.*).

5. Plaintiff alleges that in late June of 2022, Omnitracs notified Plaintiff that it planned to end its ELD services in September of 2022 and purported to give notice of termination of the Agreement. (*Id.* ¶ 6).

6. Plaintiff alleges that after receiving complaints from customers, Omnitracs delayed the date on which it intended to terminate ELD services until December 31, 2022. (*Id.* ¶ 7).

7. Plaintiff alleges that Omnitracs has no legal right to cease performing under the Agreement prior to the end of its term on April 7, 2023, and that Plaintiff repeatedly demanded Omnitracs honor the Agreement through the contracted term. (*Id.* ¶ 6; 27-29).

8. Plaintiff alleges that Omnitracs' breach will harm Plaintiff's reputation, good will, competitive position, and future customer sales because Plaintiff will be unable to provide the contracted-for ELD services to its customers. (*Id.* ¶ 9).

9. Plaintiff seeks to represent a class of "[a]ll individuals and entities that entered into a contract with either VisTracks, Inc., which contract was assumed by Omnitracs, LLC, or Omnitracs, LLC for the provision of [ELD] services, that Omnitracs has stated will terminate before the end of the contract's term." (*Id.* ¶ 36).

## Grounds for Removal

10. This Court has jurisdiction under CAFA over putative class actions where (1) minimal diversity exists; (2) the proposed class contains at least 100 members; and (3) the

amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 1332(d)(5)(B) (requiring at least 100 members in proposed class); 1453(b) (permitting removal of class actions under section 1446); and 1446 (permitting removal). This case meets CAFA's three requirements.

11. *First*, minimal diversity exists because at least one "member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

12. According to Plaintiff's allegations, Omnitracs is a citizen of Delaware and California. (Ex. A-1, Compl., ¶ 12).

13. Omnitracs' customers —i.e., members of the proposed class— span the United States and North America. Specifically, Omnitracs has customers that are citizens of other states and jurisdictions that are not Delaware (*e.g.*, Canada and Mexico). Therefore, diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

14. *Second*, the proposed class consists of more than 100 members. 28 U.S.C. § 1332(d)(5)(B). Plaintiff purports to bring this action on behalf of "[a]ll individuals and entities that entered into a contract with either VisTracks, Inc., which contract was assumed by Omnitracs, LLC, or Omnitracs, LLC for the provision of [ELD] services, that Omnitracs has stated will terminate before the end of the contract's term." (Ex. A-1, Compl., ¶ 36). Omnitracs has at least 100 customers under contract that would meet the proposed class definition.

15. *Third*, the amount in controversy plausibly "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall

be aggregated." 28 U.S.C. § 1332(d)(6). A defendant need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Plaintiff seeks money damages for itself alone "in excess of $50,000" (Ex. A-1, Compl. ¶ 48). With over 100 putative class members, the $5 million threshold is easily met based on Plaintiff's allegations alone (100 class members x $50,000 contract damages = $5,000,000). Additionally, while Omnitracs disputes that Plaintiff is entitled to any relief, Plaintiff's estimate of $50,000 is an artificial cap on the potential contract damages. Plaintiff raises the specter of significant fines its customers could incur, which Plaintiff may be liable for. (Ex. A-1, Compl. ¶ 48) (alleging fines ranging from $1,000 to $10,000 per driver). This suggests the plausible contract damages for each plaintiff could be far higher than $50,000, and the amount in controversy threshold of $5 million is significantly exceeded.[1]

### Compliance with the Removal Statute

16. Finally, the procedural requirements for removal have been satisfied. Omnitracs was served on November 30, 2022. Ex. 1. The deadline to file this notice is thus December 30, 2022. 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a). This notice has thus been timely filed.

17. Further, as required by 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed or served on Omnitracs in the Circuit Court of DuPage County action are attached hereto as Exhibit 1.

---

[1] By asserting that the amount-in-controversy requirement is satisfied, Omnitracs expressly does not concede that Plaintiff (or the putative class) is entitled to any damages. *See Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("A removing defendant need not confess liability in order to show that the controversy exceeds the threshold." (citation omitted)).

4

18. Finally, Omnitracs provided written notice of this notice to counsel for Plaintiff, and it has filed a copy of this notice with the clerk of the DuPage Court of Cook County. 28 U.S.C. § 1446(d).

Dated: December 1, 2022

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Sean G. Wieber*
Sean G. Wieber
Kevin P. Simpson
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, Illinois 60601
Phone: 312-558-5600
Fax: 312-558-5700
E-mail: swieber@winston.com

*Attorneys for Defendant Omnitracs, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, I filed the foregoing document using the CM/ECF system and caused it to be sent via electronic mail and U.S. mail to counsel for Plaintiff as follows:

>Joe Carlasare
>AMUNDSEN DAVIS
>150 N. Michigan Ave., Suite 3300
>Chicago, IL 60601
>Phone: 312-894-3200
>Email: jcarlasare@amundsendavislaw.com
>
>Peter W. Herzog
>WHEELER TRIGG O'DONNELL LLP
>211 N. Broadway, Suite 2825
>St. Louis, MO 63102
>Phone: 314-326-4129
>Email: pherzog@wtotrial.com

>By: */s/ Sean G. Wieber*
>Sean G. Wieber
>Kevin P. Simpson
>WINSTON & STRAWN LLP
>35 W. Wacker Dr.
>Chicago, Illinois 60601
>Phone: 312-558-5600
>Fax: 312-558-5700
>E-mail: swieber@winston.com
>
>*Attorneys for Defendant Omnitracs, LLC*